WALTER KASTNER, AN INFANT, BY EVELYN KASTNER, HIS NEXT FRIEND, AND EVELYN KASTNER, INDIVIDUALLY, RESPONDENTS, v. HARRY WEINSTEIN, APPELLANT.

Submitted May 31, 1930—Decided February 2, 1931.

For the respondents, *John W. McGeehan, Jr.*

For the appellant, *McDermott, Enright & Carpenter* (*Carl S. Kuebler,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This appeal is taken by the defendant from the judgments entered upon verdicts in the Essex County Circuit Court in favor of the plaintiffs.

The suit was instituted by Walter Kastner, an infant ten years old, by Evelyn Kastner, his mother, as his next friend, and by Mrs. Kastner, individually, to recover from the defendant damages on account of the injuries sustained by the infant plaintiff as the result of his being kicked in the head by a horse being led along a public street by the defendant.

The complaint alleged and the plaintiffs undertook to prove actual negligence on the part of the defendant in and while leading the horse, as the direct cause of the injuries to the infant plaintiff.

On this appeal from the plaintiffs' judgments defendant contends that the trial judge committed error in refusing to direct a verdict for defendant upon the ground, among

others, that there was no evidence that the horse was vicious or that defendant had knowledge of any vicious propensities.

But this contention ignores the fact that this action is founded upon the alleged negligence of the defendant. In order to render a person who is in control of a horse upon a public street, responsible for an injury done by it through the negligence of such person, it is not necessary that the animal should be vicious. While a person has a right to lead a horse along a public highway, he is bound to use such reasonable care as the circumstances require; and if by reason of any negligence on his part the horse does any injury, he is liable therefor without proof of *scienter*. *Healey* v. *Ballantine*, 66 *N. J. L.* 339; *Belles* v. *Kellner*, 67 *Id.* 255.

Other grounds urged by the defendant in support of his motion for a directed verdict were that there was no evidence of defendant's negligence, that the infant plaintiff was guilty of contributory negligence, and that there was no evidence that the proximate cause of the accident was negligence of the defendant.

We think this argument is completely answered by the evidence. The evidence tended to show, and the jury could and evidently did find the following matters of fact: The defendant, at the time the infant plaintiff was injured, was leading a horse, upon a public street, which he admitted had not been out of the barn or exercised for over a week. The horse was secured only by a halter and rope and not by a bit and bridle. As it approached the point where the boy was injured the horse at intervals acted skittish and was prancing. Under these circumstances the defendant removed the halter rope from his hands and placed it in the crook of his arm, and then suddenly lit a match and cigarette while alongside of the horses's head; whereupon the horse shied and kicked and injured the infant plaintiff who was passing upon his bicycle about five feet away. There was expert testimony that the lighting of the match in close proximity to the face of a horse would naturally cause the horse to become unmanageable. The defendant denied that he lit a match or left the halter rope out of his hands. It

seems that he also denied that the horse kicked the boy or had any contact with the boy whatever. But certainly upon the whole case the court did not err in refusing to direct a verdict for the defendant, because there was ample evidence from which the jury could and did find negligence on the part of the defendant which was the proximate cause of the infant plaintiff's injury, and could and did find that there was no contributory negligence on the plaintiff's part.

We come now to the alleged error in the charge.

We think it was proper for the judge, as he did, in his charge to call attention to subdivision 1 of section 6 of the Traffic act (*Pamph. L.* 1915, *p.* 290), which reads: "No person shall cease to hold the reins in his hands while riding, driving or conducting a horse," on a public highway; also expressly charging that a violation thereof, while not controlling as to the defendant's negligence, was a circumstance, if proved, to be considered upon the question whether or not he exercised reasonable care. *Graff* v. *Louis Stern's Sons,* 103 *N. J. L.* 13; *Chiapparine* v. *Public Service Railway Co.,* 91 *Id.* 581.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.